20036, 20037. MOBLEY, superintendent of banks, *v.* PHINIZY, trustee; and *vice versa.*

JENKINS, P. J. 1. A trustee may invest funds of the trust estate in any securities issued by the State, in county and municipal bonds which have been validated as required by law, and in farm loan bonds issued pursuant to the act of Congress approved July 17, 1916. Any other investment of trust funds must be made under an order of the superior court, or else at the risk of the trustee. Civil Code (1910), §§ 3763, 3765; Acts 1918, p. 160; 9 Park's Code Supp. 1922, 3765(a); Michie's Code, § 3765(1).

2. The power of a trustee to retain investments other than those authorized by law to be made by the trustee, received from the creator of the trust, in the absence of statute or a contrary provision contained in the instrument creating the trust, is not different from his power to make such investments. *Clark* v. *Clark,* 167 *Ga.* 1 (3 a), 9 (144 S. E. 787).

3. A provision in the instrument creating the trust, that the trustees shall have "full power to manage" the trust estate "to the best advantage in their judgment," will not authorize the trustees either to retain investments in securities other than those authorized by law, and not specifically passing under the instrument, or to invest the trust funds

in any such securities without the sanction of the superior court. Such language does not make it "clearly to appear" that the trustees were empowered to do "unauthorized things," but merely empowers them "to exercise their judgment concerning the things which they were authorized to do." *Clark* v. *Clark*, 167 *Ga*. 1 (4) 16 (supra).

4. Where a portion of the trust estate received from the creator of the trust consisted of bank stock, the trustee, under the foregoing rulings, was not authorized to retain such investment, nor was he authorized to invest other funds of the trust estate therein. His action in so doing, in the absence of an order of the superior court, was illegal and at his own risk, and did not bind the estate which he represented.

5. Where a trustee continued to hold bank stock received from the creator of the trust by reason of the residuary clause in the will creating the trust, and invested other funds of the trust estate in stock in the same bank, the investment must be treated as at the risk of the trustee, and as his individual investment, with the corresponding liability on his part to account to the cestui que trust for the value of the stock received under the will, and the funds thereafter invested therein, with lawful interest thereon.

6. Where the bank in whose capital stock such trust funds were invested became insolvent, the trust estate was not liable to assessment under the terms of the banking act for the benefit of the depositors; nor to suit under the terms of the legislative charter of the Washington Exchange Bank (Acts 1888, p. 73) for the benefit of the creditors of the bank. Any such liability was the liability of the trustee making such illegal investments.

7. The action of the trustee in making such illegal investments could not be ratified by the action of a successor trustee in seeking to recover from the first trustee damages sustained by the trust estate by reason of such investments, since the second trustee could not, by ratification, render an illegal investment a legal one.

8. Under the foregoing rulings, the judge of the superior court, to whom the instant suit by the superintendent of banks against the trust estate, for an amount represented by 100 per cent. on the par value of such bank stock, was submitted on an agreed statement of facts, without the intervention of a jury, and who was authorized to find from the facts submitted that the bank stock received from the creator of the trust was retained, and subsequent investments of trust funds in such bank stock were made, without any order of the superior court, did not err in finding in favor of the defendant.

9. Since the foregoing rulings, which deal with the case in which exception is taken to the ruling of the trial judge finding in favor of the defendant, are controlling, it is not necessary to deal with the exception taken by the defendant to the judgment overruling the demurrer to the petition; and the bill of exceptions in that case will be dismissed.

*Judgment affirmed in case No. 20036. Writ of error dismissed in case No. 20037. Stephens and Bell, JJ., concur.*

Decided September 6, 1930. Rehearing denied October 1, 1930.

42

*C. N. Davie, J. F. Kemp, Horace & Frank Holden, Norman & Norman,* for plaintiff.

*Erwin, Erwin & Nix, William A. Slaton,* for defendant.