CLAY *et al.,* trustees, *v.* MOBLEY, superintendent of banks, *et al.*

No. 7783. DECEMBER 10, 1930.

*H. C. Cox* and *Orrin Roberts,* for plaintiffs in error.
*C. N. Davie, J. F. Kemp, A. M. Kelly,* and *J. W. Roberts,* contra.

HINES, J. The Broadnax Banking Company, a copartnership composed of S. H. Broadnax and J. C. Broadnax, conducted, prior to January 1, 1927, a private banking business. On said date the partnership was dissolved by mutual consent, J. C. Broadnax withdrawing from the firm, and S. H. Broadnax taking over all of the assets and assuming the payment of all the liabilities of the firm. In 1927 S. H. Broadnax became involved financially, and was

unable to continue in the banking business. On August 25, 1927, in consideration of the sum of $5 and other considerations, he executed a deed conveying various tracts of land to A. J. Dial, G. E. Clay, and H. K. Forrester, as trustees for certain creditors of the Broadnax Banking Company. This deed recited that it was made for the purpose of liquidating the indebtedness of the Broadnax Banking Company, which had been dissolved as above stated. In said conveyance it was agreed between the parties thereto that the grantor should retain possession of the property conveyed until January 1, 1928, unless said property or any part thereof was sold prior to that date, in which event the purchaser should have the right to enter upon said property for the purpose of making repairs and cultivation; and that by the acceptance of this deed the grantor was released from any and all future liability, individually and as a member of the above firm, and especially as to any conveyance heretofore made. This deed further states that such trustees agree that said property shall not be sacrificed or sold for less than its fair market value, and to this end the grantor is to be given ten days in which to purchase any part or parcel of the lands conveyed, at a price in excess of what the trustees are offered for the same. It was further mutually agreed therein that the trustees might have until January 1, 1930, to liquidate said indebtedness, all creditors' rights being fixed as of the date of the acceptance of the conveyance, in so far as the question of interest-bearing certificates was concerned, and that taxes on the property conveyed by this deed and by bill of sale for the year 1927 were to be paid by the trustees. It was further therein agreed that the expenses of the trustees in this liquidation, including reasonable compensation for their services, and attorneys' fees, should be paid as costs of this proceeding in liquidation. The trustees were to have and to hold the premises conveyed, for the purposes hereinbefore set out, in fee simple; and it was further stipulated that the grantor "shall and will forever quitclaim and defend, by virtue of these presents," the title to the property conveyed. On the same day J. C. Broadnax executed under his seal an instrument in which he surrendered to S. H. Broadnax all the assets of Broadnax Banking Company, in consideration of a release from all his obligations and debts to said partnership; and in consideration of his release from said debts he quitclaimed and released to said trustees all his claims, rights, and

interests in and to all the property which he may have held as a member of said firm, and the real estate conveyed by the above deed of S. H. Broadnax to said trustees, and the personal property and choses in action of said firm. On the same day S. H. Broadnax and J. C. Broadnax by a bill of sale sold and delivered to said trustees various items of personal property and choses in action, including 15 shares of the capital stock of the Farmers & Merchants Bank of Loganville, Georgia. The bill of sale recites that it was executed and accepted by the parties thereto under the same agreements and conditions as those set forth in the deed above referred to.

Early in 1929 the Farmers & Merchants Bank of Loganville closed its doors, and turned over its assets to the superintendent of banks for liquidation. At this time the trustees had not sold the 15 shares of the stock of said bank which had been conveyed to them by the above bill of sale. At that time and at all times hereinafter named, 10 shares of said stock stood on the books of the bank in the name of S. H. Broadnax and 5 of said shares stood on the books of said bank in the name of J. C. Broadnax. Soon after the superintendent of banks took over this bank he levied an assessment of 100 per cent. against the stockholders thereof, and issued fi. fas. against the stockholders in whose names the stock stood. He issued a fi. fa. against S. H. Broadnax for $1,000 and one against J. C. Broadnax for $500. These fi. fas. were levied on one of the tracts of land conveyed in the above trust deed from S. H. Broadnax to the trustees. The trustees filed claims to the land so levied on. As these trustees of the creditors of the Broadnax Banking Company were anxious to wind up its affairs under the terms of the trust imposed upon them by said deed, under which they were given until January 1, 1930, so to do, it was agreed between the parties that no point would be raised on any defect in the executions on the ground that they had been issued by the superintendent of banks within less than thirty days from the notice of the assessment, or upon the ground that they were not issued against these trustees, it being the desire of the parties to have adjudicated the question as to whether or not an assessment against this stock was a binding and valid lien against the property conveyed by Broadnax to the trustees in August, 1927, more than two years prior to the date of these fi. fas., said conveyance having been

made to secure the depositors of the old firm of Broadnax Banking Company. By agreement of counsel the two cases were consolidated, and the issues involved, being questions of law, were submitted to the trial judge without the intervention of a jury. The trial judge rendered a judgment finding the real estate levied upon subject to the executions, and directing that they proceed against the same. To this judgment the trustees excepted.

The liability of stockholders of an insolvent bank to depositors is statutory. Stockholders are made "individually liable, equally and ratably (and not one for another), to depositors of such bank for all moneys deposited therein, in an amount equal to the face value of their respective shares of stock." Civil Code (1910), § 2270; Acts 1919, pp. 135, 189; Acts 1925, pp. 119, 133; 12 Park's Code Supp. 1926, § 2279(a). By our statute, "Persons holding stock as executors, administrators, guardians, or trustees shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust fund would be, if living and competent to act and hold the stock in his own name." Acts 1919, pp. 135, 189; 8 Park's Code Supp. 1922, § 2279(b). By express provision of this statute, trustees are exempt personally from liabilities as stockholders; but the estates and funds in their hands are made liable in like manner and to the same extent as persons interested in such trust funds would be if the stock stood in their own name. This statute makes the trust estates and funds in the hands of trustees subject to this liability in like manner and to the same extent as the beneficiaries of such estate and funds would be liable if the stock stood in their own name. This being so, this liability can be enforced by the superintendent of banks by an assessment and by the issuing of executions as in cases of stockholders generally. The trust involved in this case falls within the purview of this statute.

A transfer of stock does not require a transfer on the books of the company, except as against the claims of the corporation. Civil Code (1910), § 2219. This section does not mean that an assignee of stock is not a stockholder of a corporation for lack of a book transfer, when neither charter nor by-law requires this mode of transfer. *Sylvania &c. R. Co.* v. *Hoge,* 129 *Ga.* 734, 742 (59 S. E. 806). Section 2248 of the Civil Code of 1910 merely prescribes the

552

statutory rule for locating the burden of liability among the successive owners of stock; but it does not relieve the actual owner of the stock from being liable and being primarily liable. *Harris* v. *Taylor*, 148 *Ga.* 663, 670 (98 S. E. 86). When an insolvent bank is taken over by the superintendent of banks for liquidation, he can proceed by assessment and the issuing of execution against the real owner of stock in the bank, if he so chooses. In this case, by express stipulation of the parties, we are to deal with this case as if the assessment had been made and the execution issued against these trustees. Clearly the trustees in this case, having the legal title to these shares of stock in this bank, would be secondarily liable for the payment of this liability. If the liability could not be successfully enforced against the parties in whose names the title to this stock stood upon the books of the bank, then the superintendent of banks could make an assessment against these trustees as the real owners of this stock, and could issue executions against them and have the executions enforced by levy and sale of the trust estate in the hands of such trustees. While it does not expressly appear from the record that the persons in whose names these shares of stock stand on the books of the bank are insolvent, it is clearly inferable that they are insolvent and unable to answer to their liability to depositors. This being so, and in view of the stipulation above referred to, we are of the opinion that the trial judge properly held the property levied upon subject to the executions levied. *Judgment affirmed. All the Justices concur.*