22451. GORMLEY, superintendent of banks, *v.* PHINIZY, executrix.

DECIDED FEBRUARY 1, 1933. REHEARING DENIED FEBRUARY 15, 1933.

*Horace & Frank Holden, C. N. Davie, J. F. Kemp,* for plainiff.
*Erwin, Erwin & Nix,* for defendant.

SUTTON, J. The court sustained a general demurrer to the petition of R. E. Gormley, as superintendent of banks of this State, against the executrix of Billups Phinizy, who succeeded Jacob Phinizy as trustee of Marion Daniel Phinizy, a person of unsound mind. The superintendent of banks excepted to the judgment sustaining the demurrer, and brought the case to this court. The transactions out of which this case arose have been the subject-matter of other litigation. See *Phinizy* v. *Mobley,* 42 *Ga. App.* 33 (155 S. E. 73), and *Mobley* v. *Phinizy,* 172 *Ga.* 339 (157 S. E. 182).

█ Where on June 17, 1924, the assets of the estate of a person non compos mentis were turned over to one as trustee by the personal representatives of the deceased trustee of such non compos mentis person, said assets including certain stock in the Washington Exchange Bank, which was chartered under the act of 1888 (Ga. L. 1888, p. 73), and where the successor trustee executed to the personal representatives of his predecessor trustee a receipt in which he stated that he did not ratify any unauthorized investments made by such predecessor for the cestui que trust, and where on December 18, 1924, the successor trustee filed his petition in Clarke superior court, in which he set up that he had received from his predecessor such bank stock, and asked authority to sell it at private sale from

time to time as would be to the best interest of the trust estate, service being made on the cestui que trust and a guardian ad litem duly appointed, and on December 23, 1924, the court passed an order authorizing such trustee to sell this bank stock at private sale as soon as "it could be disposed of without unduly sacrificing the same," and where such trustee sold the stock on July 24, 1925, and the bank failed on October 7, 1925, the personal estate of such trustee is not liable to the superintendent of banks for an assessment on this bank stock purchased and acquired by his predecessor trustee, on the ground that he accepted the bank stock from his predecessor and retained it without authority for an unreasonable length of time. The liability of stockholders in the defunct Washington Exchange Bank is fixed by the charter of that bank, and not by the general banking laws of this State. *Bennett* v. *Wilkes County,* 164 *Ga.* 790 (139 S. E. 566). Under the general law, a trustee making an unauthorized purchase of bank stock with the funds of the trust estate becomes individually "liable as a stockholder." Ga. L. 1919, p. 189; Michie's Code (1926), § 2366 (140). No such provision appears in the charter of the Washington Exchange Bank.

■ The trustee of the person non compos mentis, who succeeded to the trust upon the death of Jacob Phinizy, was not personally liable for the stock assessment because the stock stood on the books of the bank in the name of "Billups Phinizy, Trustee Marion Daniel Phinizy," he having had the stock transferred on the books of the bank in this manner upon his succession to the trust, in that the words "Trustee Marion Daniel Phinizy" were merely descriptio personæ. Had the stock been transferred and entered on the books of the bank in the name of "Billups Phinizy, trustee," with nothing more, the legal title to the stock would be prima facie at least in Billups Phinizy. *Williams* v. *Farmers State Bank,* 22 *Ga. App.* 656 (97 S. E. 249); Civil Code (1910), § 3570. The omission of the word "as" from the entry of this stock on the books of the bank is immaterial. See *Harp* v. *First National Bank,* 173 *Ga.* 768 (161 S. E. 355). Any one examining the books of the bank and seeing the entry of the stock in this manner would clearly understand that the stock was in the name of the trustee as trustee for the named cestui que trust, and this meets the intent and purpose of the requirement that where stock is transferred the entry thereof

shall be made upon the books of the bank. Johnson *v.* Laflin, 103 U. S. 800 (26 L. ed. 532). The petition having failed to allege such facts as would render the trustee, Billups Phinizy, personally liable for the stock assessments against the bank stock of the estate of his cestui que trust, which was purchased and acquired by a predecessor trustee, the court properly sustained the general demurrer and dismissed the petition.

*Judgment affirmed, Jenkins, P. J., concurs. Stephens, J., disqualified.*

JENKINS, P. J., concurring specially. I fully concur in the foregoing opinion. Inasmuch as counsel for the plaintiff rely partly on the decision in *Mobley* v. *Phinizy,* 42 *Ga. App.* 33 (supra), prepared by the writer, and as counsel for the defendant apparently are themselves of the opinion that certain statements in the case just mentioned may not coincide with their own contentions in the instant case, I deem it proper to make some statements relative to the former decision. While I am of the opinion that the holding in the case reported in 42 *Ga. App.* is correct,—more certainly, perhaps, as to nonliability of the trust estate for the 139 shares which were purchased by Jacob Phinizy, the first trustee, subsequently to the death of Ferdinand Phinizy, the creator of the trust, as distinguished from the seven shares which went to the trust estate directly from the creator of the trust,—I am nevertheless of the opinion that the language of the former decision referred to contains one obiter statement which may be misleading, or, at least, confusing. No better service can be rendered by a court than to eliminate conflicts or ambiguities in its decisions. I desire to point out just wherein, in my judgment, the earlier case may be subject to such criticism.

The defendant in the earlier case was not the defendant in this case. The earlier case was a suit by the superintendent of banks against the same second trustee, but in his representative capacity, who did not purchase, but took over the stock from the first trustee. The suit was against him in his representative capacity only, thereby seeking to reach the assets of the trust estate, for the benefit of the creditors of the insolvent bank. That proceeding having failed, the present action is against the same second trustee, but as an individual, brought in behalf of the same creditors. The decision in the earlier case (42 *Ga. App.*) held, and I think correctly, that neither the alleged unlawful investment nor unlawful conduct on the part

of a trustee could be taken to impose a statutory stockholder's liability upon the assets of the trust estate, either under the general law or under the special act incorporating the Washington Exchange Bank. As illustrating and explaining this proposition, it was stated in the 5th division of the syllabus in the former case that "where a trustee continued to hold bank stock received from the creator of the trust by reason of the residuary clause in the will creating the trust, and invested other funds of the trust estate in stock in the same bank, the *investment* must be treated as at the risk of the trustee, and as his individual investment, with the corresponding liability on his part to account to the *cestui que trust* for the value of the stock received under the will, and the funds thereafter invested therein, with lawful interest thereon." The decision in *Clark* v. *Clark*, 167 *Ga.* 1 (3 a), 9 (144 S. E. 787), cited in paragraph 2 of the decision in 42 *Ga. App.*, supra, seems to make the correctness of this statement perfectly plain. That such is the rule, with reference to the liability of a trustee to his cestui que trust, was stated merely as a preliminary and illustrative rule of law, prior to dealing with the question actually involved in the previous case, and does not appear to confuse in any way the issue made in the present suit by the superintendent of banks against the same trustee, but in his individual capacity. It was held, however, in the 6th paragraph of the syllabus in the previous case that: "Where the bank in whose capital stock such trust funds were invested became insolvent, the trust estate was not liable to assessment under the terms of the banking act for the benefit of the depositors, nor to a suit under the terms of the legislative charter of the Washington Exchange Bank (Acts 1888 p. 73) for the benefit of the creditors of the bank. *Any such liability was the liability of the trustee making such illegal investments.*" It is the last sentence of this excerpt which, in my opinion, is subject to the criticism of being misleading and confusing. The statement made in the last sentence did not deal with the question at issue in the previous litigation, but was itself merely illustrative or explanatory of what had just actually been held in that paragraph of the syllabus. It is also true that the last sentence does not by its language, even by way of illustration, undertake to say that the statutory stockholder's liability would in fact be applicable against the trustee in that case. All that it does say is to the *effect* that the liability, *if any,* would not be against

the trust estate, but against the trustee making such illegal investment. Such liability would in point of fact exist if the general law governing liability of stockholders in banking corporations was applicable, and the defendant trustee was the person who had actually made such illegal investment. In point of fact, in the present case such general law has no application, but such stockholder's liability, if any, must exist under and by virtue of the act of the general assembly incorporating the Washington Exchange Bank. *Bennett* v. *Wilkes County,* 164 *Ga.* 790 (supra). In the previous case it was unnecessary to consider, and it was not considered, whether any stockholder's liability to the creditors of this bank was to be determined under the present general law or by reference to the terms of the bank's charter, since the principle decided in that case would be the same in either event. Having written the former decision and concurred in the decision in the present case, I deem it proper to make this statement in order to make clear the real holding in the former case and to clarify any ambiguity which might exist therein. In my opinion both that case and this case are correctly decided.

Aside from any reference to the previous decision, the present case has not, however, been altogether without difficulty to the writer; but he has reached the conclusion that the language of the bank's charter, imposing stockholders' liability in favor of creditors of the bank, can not be taken or construed to hold the defendant liable as a "stockholder" or "owner of stock." It is a familiar rule that such liability, being in derogation of the common law, must be construed strictly against one seeking to enforce it. There is no inherent liability in favor of creditors against one owning stock in a banking corporation. In order to render them liable they must be brought strictly within the terms of some statute which in terms imposes it. The language of the bank charter is as follows: "That all of the assets of the bank shall be liable for its debts and each stockholder shall be individually liable for the debts of the corporation to the extent of his or her unpaid stock subscription, and in addition thereto each stockholder shall be individually liable for the debts of the bank equally and ratably, and not one for the other, in an amount equal to the par value of the stock owned by him or her at the time the debt was created." (Ga. L. 1888, p. 75, sec. 8.) The defendant in this case, as an individual, was neither a "stockholder" nor, as an individual, an "owner of stock." Such being the case, the

language of the charter can not by construction be broadened and enlarged so as to charge him with charter liability, which goes no further than to render liable such persons as actually owned the stock. As already intimated, the charter of the Washington Exchange Bank differs from the general law. The provision of the general banking law (Ga. L. 1919, p. 189; Michie's Code, § 2366 (140), is as follows: "Persons holding stock as executors, administrators, guardians, or trustees shall not be personally subject to any liabilities as stockholders; but the estate and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust fund would be, if living and competent to act and hold the stock in his own name; Provided, that nothing herein contained shall relieve any executor, administrator, guardian or trustee from *individual liability as a stockholder* upon any *unauthorized subscription* for or *investment* in bank made by such executor, administrator, guardian or trustee." (Italics ours.) As stated, under the ruling of the Supreme Court in *Bennett* v. *Wilkes County*, supra, the provisions of the charter, and not the general law, have application in the instant case. It might be said, however, that even if the general law were applicable, it would still be questionable whether liability in the instant case could be imposed, for the reason that the terms of the section imposing liability upon executors, administrators, guardians and trustees, in their "individual capacity as stockholders," might, when strictly construed, be limited to any *unauthorized subscription or investment* in bank stock, made by such named fiduciaries. As to what the rule would be in such a case the writer does not, however, assume to express any opinion.

The difficulty the writer has encountered in the instant case, and, as already stated, irrespective of anything that might have been said in 42 *Ga. App.*, arises out of the fact that since the trust estate is not liable, and since the trustee is not liable, no protection of any sort is afforded the creditors. Under a *broad* interpretation of the charter it might perhaps be taken as its purpose and intent that every share of stock should guarantee liability of some person. Construing the charter liberally, it would seem to be intended that there should be a liability no matter who in fact owned the stock. If the liability could not be lawfully imposed upon one incapable himself of assuming it, it might seem, under such broad construction, that the wrong-

doer would be accounted and treated as the owner so far as the rights of those looking to the owner for redress are concerned. See *Cobb* v. *Bank of Martin*, 46 *Ga. App.* 10 (166 S. E. 424). The case of *Clark* v. *Clark*, 167 *Ga.* 1 (3*a*), 9 (supra), was with reference to a trustee who might be liable to the beneficiaries for actual damages for official misconduct. While the rule in such a case is not the same as here, since no strict construction will be made in favor of the trustee against his cestui que trust, yet in that case Ashhurst *v.* Potter, 29 N. J. Eq. 625, 632, was approvingly quoted as follows: "Retaining improper investments was, in effect, *making* them; retention in such cases is a positive act; . ." Under the present general law (Ga. L. 1919, p. 189; Michie's Code, § 2366 (140)) the liability of a trustee to bank depositors for unlawful subscription or investment of trust funds is, by the terms of the statute, designated as an "individual liability as a stockholder." It is true that the defendant in the instant case, who was the second trustee, did not himself purchase any of the stock for his cestui que trust, and, in taking it over from his predecessor in office, disclaimed responsibility for any prior unauthorized conduct with reference to the investment. It is also true that after holding it for a period of about six months, he applied to the superior court for authority to dispose of it as a questionable investment, and, in accordance with the authority and direction given him, actually succeeded in disposing of the same prior to the failure of the bank; still, if his conduct rendered him liable to creditors, under the terms of the charter, at all, it would seem that it would be a jury question whether he acted with proper diligence in the performance of the duty resting upon him by virtue of his office. The conclusion of the trial judge, in his very able opinion, embodied in this record, and the conclusion of my colleagues, in which I concur, is that the general statute is not applicable, and that under the strict terms of the charter, liability in favor of creditors is not imposed upon him, since the defendant was not a stockholder in his individual capacity and the language of the charter does not make him one. What might or might not be the rule in any contest between the trustee and his cestui que trust, growing out of the negligent failure on his part in the performance of his official duty, or the language of the general statute which has no application, can not be taken to enlarge the scope of the liability imposed by the charter upon stockholders and in favor of creditors.