### 25396. GRIFFIN *v.* SECURITIES INVESTMENT CO.

DECIDED JUNE 5, 1936.

*M. B. Eubanks,* for plaintiff. *Wright & Covington,* for defendant.

PER CURIAM. Mrs. J. H. Griffin filed an application for a year's support to be set apart for her and her children from the estate of her deceased husband, J. H. Griffin. Objections thereto were filed by the Securities Investment Company, an alleged

creditor of the estate. The ordinary approved the year's support, and the case was appealed to the superior court. In that court the undisputed evidence showed that Mrs. Griffin was appointed administratrix of the estate in 1923; that two years' support had previously been allowed her; that no litigation had occurred from 1923 to 1931 to prevent her from distributing the estate; that at the date of the application in question a debt against the estate existed which consisted of an assessment levied by the State superintendent of banks against Mrs. Griffin as administratrix of the estate of J. H. Griffin, to be satisfied from the property of the estate in her hands, on account of the ownership of certain shares of bank stock owned by J. H. Griffin at the date of his death and still held by his administratrix, the bank in question being insolvent. By order of the court a directed verdict against the year's support was returned, and Mrs. Griffin excepted.

The controlling question is whether the assessment and execution issued by the State superintendent of banks against Mrs. Griffin as administratrix of the estate constituted a valid debt of that estate. If it did, then the third year's support asked for by her was properly disallowed. *Martin* v. *Gaissert,* 139 *Ga.* 693 (78 S. E. 40). We think this question is answered adversely to the contentions of the plaintiff in error by the Code of 1933, § 13-1902, and the ruling in *Clay* v. *Mobley,* 171 *Ga.* 548 (156 S. E. 194). That section is as follows: "Persons holding stock as executors, administrators, guardians, or trustees shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust fund would be, if living and competent to act and hold the stock in his own name: Provided, that nothing herein contained shall relieve any executor, administrator, guardian or trustee from individual liability as a stockholder upon any unauthorized subscription for or investment in bank stock made by such executor, administrator, guardian or trustee." And in *Clay* v. *Mobley,* supra, the foregoing provisions of the Code were set forth, and the court said: "By express provision of this statute, trustees are exempt personally from liabilities as stockholders; but the estates and funds in their hands are made liable in like manner and to the same extent as persons interested in such trust funds

would be if the stock stood in their own name. This statute makes the trust estates and funds in the hands of trustees subject to this liability in like manner and to the same extent as the beneficiaries of such estate and funds would be liable if the stock stood in their own name. This being so, this liability can be enforced by the superintendent of banks by an assessment and by the issuing of executions as in cases of stockholders generally." *Clark* v. *Clark*, 167 *Ga.* 1 (144 S. E. 787), cited by counsel for the plaintiff in error, is easily distinguishable by its particular facts from the case just quoted; and if there be any conflict between the ruling in *Clay* v. *Mobley*, supra, and that in *Mobley* v. *Phinizy*, 42 *Ga. App.* 33 (155 S. E. 73), or in *Gormley* v. *Phinizy*, 46 *Ga. App.* 431 (167 S. E. 757), we are bound to follow the decision of the Supreme Court in the *Clay* case. In our opinion the court did not err in directing the verdict against the year's support.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur. Guerry, J., dissents.*

GUERRY, J., dissenting. This is the third appearance of this case in the appellate courts of this State. See *Citizens Finance Co.* v. *Griffin*, 45 *Ga. App.* 508 (165 S. E. 324) ; s. c. 178 *Ga.* 153 (172 S. E. 339). Both of these decisions were upon questions of procedure. The Securities Investment Company, the defendant in error herein, succeeded to the rights of the Citizens Finance Company. It is conceded by counsel for both parties that in this appeal only one question is to be decided: whether an estate is subject to an execution issued by the superintendent of banks, based on an assessment of stock standing in the estate's name in the bank, made because of the insolvency of the bank, under the following facts: J. H. Griffin, deceased, died in 1923, leaving a wife and several minor children, some of whom are still minors. His wife, Mrs. Griffin, qualified as administratrix in August, 1923. At the time of his death J. H. Griffin was the owner of 25 shares of stock in the Floyd County Bank, which was of the market value of at least the face amount thereof. In March, 1924, under an order of the State Banking Department the Floyd County Bank was merged with another bank under the name of Citizens-Floyd Bank and Trust Company, and 25 shares of stock of this bank were issued to "Mrs. J. H. Griffin, administratrix." Mrs. Griffin testified that she did not authorize its issuance individually or as

administratrix, but found the stock certificate in her bank box. She accepted dividends paid by the bank on this stock until 1930. In December, 1930, the Citizens-Floyd Bank and Trust Company was taken over by the superintendent of banks, and on January 3, 1931, a stock-assessment execution was issued against the estate of J. H. Griffin, deceased. This execution was sold and is now in the hands of the Securities Investment Company, the defendant in error, whose right to object to the allowance of a third year's support is being challenged by the administratrix, Mrs. Griffin, on the ground that it is not a creditor of the estate. Code of 1933, § 13-1901, provides that the stockholders of a bank incorporated under the banking act of 1919 (Ga. Laws 1919, p. 189), as amended by the act of 1925 (Ga. Laws 1925, pp. 119, 133) "shall be responsible to its creditors . . equally and ratably (and not one for another) to depositors of such bank for all moneys deposited therein, in an amount equal to the face value of their respective shares of stock." The Code of 1933, § 13-1902, provides that "Persons holding stock as executors, administrators, guardians, or trustees shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust fund would be, if living and competent to act and hold the stock in his own name; Provided, that nothing herein contained shall relieve any executor, administrator, guardian or trustee from individual liability as a stockholder upon any unauthorized subscription for or investment in bank stock made by such executor, administrator, guardian or trustee." It would seem clear therefore, that any stock held by an administrator of an estate, which stock has not been issued or carried as a part of an illegal investment, would subject the estate to liability for any assessment made thereon, and the administrator would not be personally liable therefor. On the other hand, an administrator is personally liable for any *illegal* investment of the funds of said estate and the estate is not liable therefor. "Under our law, trustees may invest trust funds in any securities issued by this State, in county and municipal bonds which have been duly validated, and in farm-loan bonds issued by Federal Land Banks or Joint Stock Land Banks. Any other investment of trust funds must be made under an order of

the judge of the superior court, or else at the risk of the trustees. Civil Code (1910), §§ 3763, 3765; Acts 1918, p. 160; 9 Park's Code Supp. 1922, § 3765(a); Georgia Code, 1926, § 3765(1)." *Clark* v. *Clark,* 167 *Ga.* 1 (supra). It can not be doubted that if an administrator takes funds belonging to the estate which he represents and invests them in bank stock without an order from the superior court, and such investment results in loss, the administrator would be individually liable to the estate for the illegal and improper investment which amounts to a devastavit. Likewise, the estate would not be bound for an assessment levied by the superintendent of banks, for the reason that an estate is not responsible for the illegal and unauthorized acts of the administrator. The assets of an estate are bound only for the debts contracted by the deceased in his lifetime (*McFarlin* v. *Stinson,* 56 *Ga.* 396; *Lynch* v. *Kirby,* 65 *Ga.* 279; *Howard* v. *Cassels,* 105 *Ga.* 412, 31 S. E. 562, 70 Am. St. R. 44), except under the plain provisions of law. We now come to consider the fact that at the time of the death of J. H. Griffin he was the holder and owner of 25 shares of stock in the Floyd County Bank and that this bank was legally merged with another bank and became the Citizens-Floyd Bank & Trust Company, and that an assessment was made by the superintendent of banks by reason of the failure of such merged bank, which occurred in 1930. An administrator, upon his appointment, should make an inventory and appraisement of the estate. Code of 1933, § 113-1402. He must find out the indebtedness of the estate and make payments thereof as provided by law. He is given a twelve-months exemption from suit. Code of 1933, § 113-1526. He is given the right to continue the business of the intestate during the current year without an order of the court (Code of 1933, § 113-1523), which refers to the calendar year and not an arbitrary business year fixed by local custom or otherwise. *Lane* v. *Tarver,* 153 *Ga.* 570 (113 S. E. 452). Any operation of the affairs of the estate over and beyond the time fixed by law must be done at his own risk, except and unless a proper order from a court having jurisdiction thereof has been obtained. Where an administrator operates the affairs of the estate without authority of law, the estate may have the benefit of any profits made, but will not be liable for losses incurred, but the losses are chargeable to the administrator individually. Does

the fact that the administrator continues for seven years to hold bank stock regularly issued to his intestate make the administrator individually liable for any loss in connection therewith? The Code of 1933, § 13-1902, should be construed in connection with the other provisions of our Code with reference to powers of administrators. An administrator who after the exemption period and after the lapse of a reasonable time continues to hold the assets of an estate without the approval of the judge of the superior court, would, in my opinion, hold them at his own risk. The decision in the *Clark* case, supra, is clear that such retention of securities is illegal. "Power of a trustee to retain investments received from the creator of the trust is, in the absence of contrary statute or provision in the instrument creating the trust, not different from his power to make investments; and where testamentary trustees receive, as a part of the trust estate, stock in manufacturing corporations, they are not justified, in the absence of some authority to the contrary in the instrument creating the trust, in continuing such investments, though made by the testator. It is their duty to convert said stocks into money within a reasonable time, and invest the proceeds in securities authorized by law or by an order of the superior court. Otherwise they are liable for loss arising from depreciation in value of such stock." *Clark* v. *Clark,* supra. Any loss of securities by depreciation or otherwise, during the exemption period and in a reasonable time thereafter, under the circumstances of the case, even without an order of the superior court, would be the loss of the estate and not of the administrator. An assessment on bank stock purchased and held by his intestate at the time of his death, within such period, under Code of 1933, § 13-1902, would attach to the property of the estate. This court followed *Clark* v. *Clark,* supra, in *Mobley* v. *Phinizy,* 42 *Ga. App.* 33 (155 S. E. 73) : "Where a portion of the trust estate received from the creator of the trust consisted of bank stock, the trustee, under the foregoing rulings, was not authorized to retain such investment, nor was he authorized to invest other funds of the trust estate therein. His action in so doing, in the absence of an order of the superior court, was illegal and at his own risk, and did not bind the estate which he represented." The facts in that case were: Jacob Phinizy was appointed trustee for certain property for the benefit of Marion

Daniel Phinizy, non compos mentis, and acted as such from 1889 to 1924, when he died. He received 7 shares of bank stock as a part of the trust estate and from 1890 to 1917 inclusive he purchased 82 shares of bank stock with assets of the trust estate and in 1914 purchased 50 shares with dividends paid by the bank on the other stock. He was possessed of these 139 shares of bank stock at the time of his death. Billups Phinizy was appointed trustee to succeed Jacob Phinizy upon the death of the latter, and he executed a receipt for the assets of the estate, "in which he stated that he did not ratify any unauthorized investments made by such predecessor for the cestui que trust." This receipt was executed June 17, 1924, and on December 18, 1924, he filed his petition in the superior court, and an order was obtained and the stock sold by virtue of such order in July, 1925. In October, 1925, the bank failed and the superintendent of banks brought suit against Charles H. Phinizy in his representative capacity to recover an amount equal to the par value of the stock in the defunct Washington Exchange Bank, which had been sold to another, under the court order, less than six months before the failure of the bank. Under the ruling already quoted the trust estate was held not liable. *Gormley* v. *Phinizy, 46 Ga. App.* 431 (supra), was a suit by the superintendent of banks against the executrix of Billups Phinizy, who succeeded Jacob Phinizy as trustee of Marion Daniel Phinizy, a person of unsound mind. There the court held that the estate of Billups Phinizy, under the facts of the case, was not liable for an assessment on bank stock held, purchased or acquired by his predecessor trustee, on the ground that he accepted bank stock from his predecessor and retained it without authority for an unreasonable length of time. The facts alleged showed that Billups Phinizy exercised due diligence, after he became trustee, to dispose of the stock. Had the action been against Jacob Phinizy's estate a different ruling would have been required. In the present case it is shown without dispute that Mrs. J. H. Griffin acquired this bank stock owned by her intestate in August, 1923; that she continued to hold it as an investment of the estate, which she continued to hold together. She could not operate the business, if any, owned by the estate over and beyond the current year of the intestate's death without an order from the court of ordinary. Likewise she might not, without an order of

the court so to do, make or continue investments not allowed by law, and make the estate liable for any loss accruing. It was contended in *Mobley* v. *Phinizy,* supra, that depositors and creditors of banks placed their money therein believing the stockholders of the bank were solvent and were able legally to respond to an assessment made by the superintendent of banks, under the theory that they were bona fide purchasers. It was pointed out in the opinion that it was the duty of the officials of the bank whose business it was to issue stock and transfer stock of the bank to see to it that purchasers of stock were those who were capable of becoming liable for an assessment. The rights of minors are being considered in this case, their estate should not be dissipated or destroyed by any administrator, guardian, or trustee who has not complied with the requirement of the law. In *Clay* v. *Mobley,* 171 *Ga.* 548 (156 S. E. 194), certain named parties were made trustees of property of an insolvent person for the benefit of the creditors of such person. Under the terms of the contract creating the trust it was "further mutually agreed therein that the trustees might have until January 1, 1930, to liquidate said indebtedness." Included in this property conveyed were certain shares of stock in a bank. This bank, early in 1929, was placed in the hands of the superintendent of banks for liquidation. At this time the trustees had not sold the shares of stock in said bank which had been conveyed to them. Under the terms of the contract they had until January 1, 1930, in which to dispose of this stock, and their failure to dispose of it prior to that time would not render them personally liable for an assessment made by reason of the liquidation of such bank, but such assessment would be against the estate in their hands. This case can be easily differentiated from the *Clark* case, which under its facts is not authority for overruling *Mobley* v. *Phinizy,* supra. In my opinion the continued holding by the administratrix of the bank stock in this case as an investment of the estate was without legal authority and amounted to a devastavit, and the Securities Investment Company is not such a creditor of the estate as may be heard to object to the proceedings setting apart the year's support.