26756. CRUMMEY *v.* CRUMMEY.

DECIDED MAY 21, 1938. REHEARING DENIED JUNE 9, 1938.

*Highsmith & Highsmith,* for plaintiff.
*Wade H. Watson,* for defendant.

SUTTON, J. 1. Where it is shown that there are debts against an estate which is being kept together for a time longer than twelve months, a widow is not entitled to have a second year's support set apart out of such estate of her deceased husband for the support of herself and minor children under the provisions of the Code, § 113-1004. *Edenfield* v. *Edenfield,* 131 *Ga.* 571, 575 (62 S. E. 980); *Martin* v. *Gaissert,* 139 *Ga.* 693, 697 (79 S. E. 40); *Hill* v. *Hill,* 36 *Ga. App.* 327 (136 S. E. 480); *Griffin* v. *Securities Investment Co.,* 53 *Ga. App.* 396, 397 (186 S. E. 232).

2. Where, on an appeal from a judgment of the court of ordinary overruling a caveat filed by a creditor to the application of a widow to have a second year's support for the support of herself and minor children set apart from the estate of her deceased husband, and making the award of appraisers the judgment of the court, subject to the individual debt asserted by such creditor, the caveat was amended by an allegation that taxes and other debts were due by the estate, which allegation on the hearing was supported by uncontradicted evidence unobjected to by the applicant for second year's support, and there was no issue of fact for the jury, the court did not err in sustaining the caveat and disallowing the application for a second year's support.

(*a*) The contention of the plaintiff, that, because of her offer,

before judgment was rendered by the superior court on appeal, to pay the caveatrix the amount of her individual claim, with costs of suit, and the statement of caveatrix's counsel that the offer made by counsel for the applicant would be treated as a tender of such amount, the issue made by the pleadings was disposed of and that the application should have been granted, is without merit. It is well settled that a creditor may interpose a caveat to an application for a second year's support. Assuming, but not conceding, that the caveatrix would not have had the right to set up in her caveat and to show, over objection of the applicant, that the estate was indebted to others besides herself, it appears that there was introduced, without objection, uncontradicted evidence of the existence of other debts against the estate; and even though tender of her claim was made to the caveatrix, the superior court was bound to take into consideration the fact of other debts against the estate, and accordingly, under the law, to deny the application for a second year's support.

(b) The cases cited in the dissenting opinion are clearly without application to the present case. In *Jackson* v. *Warthen*, 110 *Ga.* 812 (36 S. E. 234), it was held that the objection to the year's support was not filed in the time required by the statute. In *Winn* v. *Lunsford*, 130 *Ga.* 436 (61 S. E. 9), the court held in effect that (1) the objection that the record did not show that citation had been published as required by law was without merit, inasmuch as the court of ordinary was a court of general jurisdiction, and, the record not showing to the contrary, it would be presumed that the citation to show cause was published as required by law; and (2) that the return of the appraisers could be so amended as to include the additional items claimed by the widow and minor children where the total amount of the estate did not exceed $500.

*Judgment affirmed. Stephens, P. J., concurs. Felton, J., dissents.*

FELTON, J., dissenting. I am of the opinion that the court erred in entering judgment denying the second year's support, under the facts in this case. The only basis of the right of the caveatrix to object to the year's support was her claim against the estate. When she was tendered the amount of her claim, with costs, before the judgment by the applicant, her caveat became

moot and she automatically dropped out of court, especially when she refused the tender on the ground that taxes had not been paid. In *Woodbridge* v. *Woodbridge,* 70 *Ga.* 733, it was held that the matter of proving debts against an estate was a duty of one objecting to the second year's support, and that a widow did not have to affirmatively negative their existence. The fact that evidence of unpaid taxes was admitted without objection, before the tender to the caveatrix of her debt, does not alter the situation, because, even if the evidence of taxes was material at the time, it became functus officio upon the tender. The situation is analogous to one where there had been no caveat before the ordinary. If he knew of debts against the estate, he could not in his discretion deny the support, because the question of debts has to be raised by a party who is entitled to object to the allowance of the support. The ordinary is not vested with a discretion to disallow a second year's support on his own motion for a reason satisfactory to him, unless possibly where the widow's petition affirmatively shows that debts are due. What the ordinary himself could not have done the superior court can not do on appeal. The tender under the circumstances in this case was equivalent to payment, and it removed the caveatrix from the court as a party to the case, which left the judgment of the court of ordinary unobjected to by one who had a right to object, and such judgment should have been allowed to stand. If the county had desired to protect its tax claim, it should have filed its own objections to the setting apart of the second year's support. *Jackson* v. *Warthen,* 110 *Ga.* 812, 814, 815 (36 S. E. 234) ; *Winn* v. *Lunsford,* 130 *Ga.* 436 (61 S. E. 9).