23838, 23863.   BYRD, by Next Friend v. BYRD; and vice versa.

ARGUED DECEMBER 13, 1966—DECIDED JANUARY 12, 1967.

*Wyatt & Wyatt, Luther M. Wyatt, John M. Wyatt,* for appellant.

*Johnson & Johnson, William P. Johnson,* for appellee.

GRICE, Justice.   A suit seeking to set aside a judgment allowing a year's support produced this appeal.   The plaintiff, Thomas L. Byrd, Jr., a minor, by his next friend and mother, Lurline Byrd Smith, filed the action in the Superior Court of Heard County against Mrs. Thomas Lane (Gwen N.) Byrd, the widow of the deceased by a second marriage.

The petition, filed in October 1965, charged in essence that in a year's support proceeding in the court of ordinary of that county the minor was, by fraud and mistake, discriminated against and the widow was awarded the entire estate of the deceased.   The petition prayed that the judgment therein, rendered in July 1965, be set aside, that the widow be restrained and enjoined from changing the status of the property, that the minor be decreed a half interest in it or, in the alternative, damages in a named amount, that he be awarded attorney's fees, and that he be given general relief.

The widow filed general and special demurrers to the petition.

The general demurrers were overruled; some of the special demurrers were overruled, and others were sustained.

The minor demurred to several portions of the widow's answer. All except one of these grounds were sustained.

Upon the trial, at the close of the minor's evidence, the widow made a motion for directed verdict, and after all of the evidence was concluded the minor made such a motion. Both motions were denied.

Subsequent to the jury's verdict in favor of the widow, the minor moved for judgment notwithstanding such verdict. This motion was denied, and judgment in accordance with that verdict was entered.

In the appeal, case No. 23838, error is enumerated by the minor upon the denial of his motions for directed verdict and for judgment notwithstanding the verdict, and also upon a portion of the charge to the jury.

In the cross appeal, case No. 23863, the widow enumerates as error the following: the sustaining of the minor's demurrers to certain portions of her answer, the overruling of her general and special demurrers to the minor's petition, the denial of her motion for directed verdict, and the exclusion of items of testimony which she offered.

■ Under the view which we entertain, one ruling—the denial of the minor's motion for judgment notwithstanding the verdict —controls all of the enumerations urged in both the appeal and cross appeal. This is so because the evidence, which was without conflict in any essential feature, demanded a verdict in favor of the minor. The evidence, insofar as essential to this review, was that which follows.

The mother testified that the minor is her son by her marriage to the deceased; that he is the deceased's only child; that she was living in Alabama when the father died, but the minor was in a Georgia institution for mental defectives and had been there for six years; that he is about a six year old child mentally although 12 years of age; and that he could not have understood an application for year's support. She further testified that he was entirely dependent on his father for support; is not able to work at all, and will always be dependent; that the

widow knew about him and his condition; that he received no notice about the year's support and knew nothing about it; that she did not know about it until it was too late; and that she never saw the citation in the Heard County newspaper because she was living in Alabama at the time. She said that two of the appraisers knew about the minor; that no property was left in the deceased's estate after that set apart as year's support; that she has not been paid anything by the widow for the minor's support; that under the divorce agreement the deceased was required to pay $15 per week for the minor's support; and that she has $800 of that money in the bank for the minor in the event she should die first. She stated that she and the widow have never discussed anything about any agreement as to the year's support, that the minor and the widow are the only heirs of the deceased, and that there is no administration of the deceased's estate.

On behalf of the minor a copy of the year's support proceedings was introduced in evidence. The application by the widow, pro se, recited that the deceased died "leaving your petitioner, his widow surviving him," and prayed that the court appoint appraisers to set apart "to your petitioner" a necessary sum for her support and maintenance for 12 months and also household furniture. Thereupon, the ordinary entered an order which recited that the widow had made application "for the support and maintenance of herself," appointed the appraisers, and ordered them to set apart such sum as necessary "for the support and maintenance of the family aforesaid," together with household furniture "for the use and comfort of said widow." Thereafter the appraisers set apart "for the support and maintenance of said widow" an automobile, a note receivable, certain real estate, and all household and kitchen furniture owned by the deceased. Citation, reciting application of the widow for year's support "for herself," was issued and published. Subsequently the ordinary entered an order referring to the report of the appraisers appointed to set apart "to the widow," reciting that citation had issued and no objection had been filed, and admitting the report to record as the judgment of that court. Nowhere in the recorded proceedings is there any mention of a minor child of the deceased.

On behalf of the widow, one of the appraisers testified in substance: that insofar as he knew the property set apart was all that the deceased had; that he and the other appraisers knew of the minor and of his physical and mental condition; that the minor "was considered but nothing was set aside for him because he was taken care of otherwise"; and that they knew of the other provision made for him.

The widow in her testimony related that she made certain payments on debts incurred by the deceased, some involving the property set apart; that all of the deceased's property was set apart to her; that the minor was not named or mentioned in her application for year's support; that she did not personally notify the minor about the year's support proceeding but thought that the ordinary had done so; that she did not tell his mother about it; that she knew of the minor and knew he was mentally retarded; that she and the deceased had discussed this; and that the minor "was taken care of in another matter."

It is explicitly provided in *Code Ann.* § 113-1002 as follows: "Among the necessary expenses of administration . . . is the provision for the support of the *family,* to be ascertained as follows: Upon the death of any person . . . leaving a widow, or *a widow and minor child* or children . . . it shall be the *duty of the ordinary,* on the application of the *widow,* or . . . on notice to the representative of the estate (if there be one, and if none, without notice), to appoint five discreet appraisers; and it shall be the *duty of such appraisers* . . . to set apart and assign to such *widow and children,* or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of 12 months . . . to be estimated according to the circumstances and standing of the *family* previous to the death of the testator or intestate and keeping in view also the solvency of the estate. If there is a widow, the appraisers shall also set apart for the use of *herself and children,* a sufficient amount of the household furniture." (Emphasis supplied.)

However, in the situation now before us there was not only noncompliance with these provisions, but also fraud and mistake as well.

The fraud was upon both the ordinary and the minor. As far as the record shows, the widow did not in any manner disclose to the ordinary the fact of the minor's existence. Her only explanation for not including him in her application was that she and the minor's father, the deceased, had discussed his condition and that he was "taken care of in another matter." This omission is patently distinguishable from an error such as providing an incorrect number of minor children or failing to mention them by name, as discussed in *Jones v. Federal Land Bank of Columbia*, 189 Ga. 419, 425 (6 SE2d 52). By not making a full disclosure the widow, from what appears here, might have misled the ordinary into ordering the appraisers to set apart the property for her sole benefit, thereby excluding the minor. Furthermore, she never discussed the matter with the minor or his mother, neither of whom ever saw the citation published in the Heard County newspaper.

From the situation portrayed above, we indulge the presumption that the ordinary did not know of the existence of the minor when he ordered the appraisers to set apart the year's support for the widow alone, and hence that he acted under a mistake of fact.

The appraisers, from what thus appears, functioned under a mistake of law as to their duty. The testimony shows that they were aware of the minor and his mental condition, but excluded him because they deemed him taken care of by other provision made for him, and because the ordinary ordered them to set apart the year's support for the widow alone.

But the duty of appraisers in this area is clear and limited. They are required to set apart to the widow and minor children a sufficiency for their support for 12 months to be estimated according to (1) "the circumstances and standing of the family previous to" the death of the husband and father and (2) "keeping in view also the solvency of the estate." *Code Ann.* § 113-1002. The law does not vest them with any additional responsibility such as to attempt to ascertain whether any other means of support is adequate and to disqualitfy a person from his lawful inclusion as a beneficiary of a year's support because of any such other means. That would be the unauthorized ad-

dition of a third criterion to the two already in the statutes, codified as *Code Ann.* § 113-1002, set forth above. For instance, appraisers are not to be concerned with the widow's individual property inherited from her father. *Daniel v. First Nat. Bank of Claxton,* 50 Ga. App. 632 (2) (179 SE 152).

Mistake of law by appraisers in excluding a minor from a year's support was held to require voiding of the judgment in *DeJarnette v. DeJarnette,* 176 Ga. 204 (167 SE 526) (two Justices concurring in the result). There, the widow applied on behalf of herself and the minor child of a former marriage. The ordinary ordered the appraisers to set apart property for her and the minor, but the appraisers, acting upon legal advice that inclusion of the minor was not compulsory, set apart the entire estate for the widow only. There, as here, the minor had no actual notice of the proceeding, and thereafter filed an equitable petition, by next friend, to enjoin disbursement to the widow. This court declared that the following language of present *Code Ann.* § 113-1002 was mandatory: "And it *shall* be the duty of such appraisers, or a majority of them, to set apart and assign to such *widow and children,* or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of twelve months from the date of administration." (Emphasis theirs.) It also said that "To arbitrarily discriminate against the child or children, and set apart for the widow alone the entire net proceeds of an insolvent estate, and give the minor child no notice of such action, is so unreasonable and contrary to law as, in our opinion, to void such judgment." It referred to present *Code* § 110-709, which declares that a void judgment is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it; and it also referred to present *Code* § 110-710, which provides that a judgment of a court of competent jurisdiction may be set aside by decree in chancery for fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant. It concluded by attributing the action of the appraisers to a mistake of law in assuming that it was not compulsory on them to include the minor in the year's support set aside, contrary

to the mandate of present *Code Ann.* § 113-1002, and it reversed the trial court's denial of injunction. The case at bar is even stronger, since here, in addition to the return of the appraisers, both the application and the order to the appraisers omitted the minor.

For the foregoing reasons the verdict upholding the year's support judgment cannot be allowed to stand, and the minor's motion for judgment notwithstanding such verdict should have been granted.

■ This conclusion makes it unnecessary to consider the minor's other enumerations of error, as to denial of his motion for directed verdict and a portion of the charge to the jury.

■ Such conclusion controls adversely to the enumerations of error made by the widow in her cross appeal.

(a) The portions of the widow's answer seeking to show that the minor was beneficiary of insurance on the life of his deceased father were correctly held to be subject to the minor's demurrers. In Division 1 we held that in determining the year's support to be set apart for a beneficiary entitled to it, consideration should not be given to provision otherwise made for such beneficiary.

(b) The widow's general demurrer to the minor's petition was properly overruled. The petition alleged in substance the facts which were established by the testimony recited above, and ruled in Division 1 to entitle the minor to the relief sought. In addition, the petition alleged that by obtaining the year's support for her sole benefit, the widow violated an agreement she had made with the minor's mother. See, as to the effect of this allegation, *Ellis v. Hogan,* 147 Ga. 609 (3) (95 SE 4).

(c) The widow's demurrers addressed to designated portions of the minor's petition were likewise correctly overruled. These demurrers asserted that the allegations were conclusions of the pleader without facts upon which to base them. However, the portions complained of alleged acts of fraud by the widow, rights of the minor, and duties of the appraisers, all of which were ruled in Division 1 to support the minor's right to relief.

(d) The widow's motion for directed verdict was, for the reasons set forth in Division 1, not meritorious.

(e)   The exclusion of testimony relating to other provision for the minor was, in view of Division 1, not erroneous.

*Judgment reversed on appeal; judgments affirmed on cross appeal.   All the Justices concur.*