## 42438. LAWRENCE v. LAWRENCE.
(333 SE2d 610)

CLARKE, Justice.

This is a year's support case. The decedent died before the United States Supreme Court held gender-based classifications unconstitutional. However, the widow did not pursue the right of year's support until after that holding and after the Georgia statute was amended in an effort to meet the requirements of the holding. The trial court in this case granted summary judgment against the widow on the ground that the Georgia statute as it existed prior to the amendment was unconstitutional. We reverse.

1. The trial court must be reversed in this case because appellee has no standing to attack the constitutionality of the year's support statute. "One may not attack a legislative enactment as being unconstitutional unless one is within the class with respect to whom the act is unconstitutional." *Smith v. Gwinnett County*, 248 Ga. 882, 884 (286 SE2d 739) (1982); *Payne v. Bradford*, 231 Ga. 487 (202 SE2d 422) (1973). Appellee here alleges that she is the former wife of the decedent. She alleges that her marriage to decedent was never dissolved. She has no standing to attack the Georgia year's support statute on the ground that it is unconstitutionally gender-based.

2. Even though the trial court's grant of summary judgment is reversed because of the appellee's lack of standing, we take this opportunity to clarify the constitutional status of Georgia's year's support statute prior to the 1979 amendment.

The statute in question is Code Ann. § 113-1001 et seq. (now OCGA § 53-5-1) and provides for a year's support. Originally, the right of a year's support was given only to minor children and widows.

In March of 1979 the U. S. Supreme Court decided *Orr v. Orr*, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979), and held a gender classification in an alimony statute was a denial of equal protection under the Fourteenth Amendment of the U. S. Constitution. The legislature of Georgia recognized the impact of this holding upon the year's support statute and amended the Code section by adding the following: "Any person who becomes a widower on or after the effective date of this section shall be entitled to year's support pursuant to the same provisions and subject to the same practices, procedures and limitations under which a widow is entitled to year's support." This amendment became effective April 18, 1979. Ga. L. 1979, p. 1325.

In *Adams v. Adams*, 249 Ga. 477 (291 SE2d 518) (1982), we considered the issue of whether the entire year's support statute must be declared unconstitutional on the theory that an amendment cannot breathe life into a statute void ab initio. The argument was made that a statute which offended the Fourteenth Amendment was a mere nullity and could not be resurrected by a simple amendment. We held this not to be the case: ". . . the original year's support statute, when adopted, was not violative of the Constitution under court interpretations of that period. The earlier year's support laws were enacted before the ratification of the Fourteenth Amendment to the U. S. Constitution in 1868, and similar acts have remained in force for more than a century before *Orr*. [Cits.]" Id. at 479. We then concluded that the year's support statute as amended is not unconstitutional. *Adams v. Adams*, supra, dealt with a petition for year's support from the estate of a decedent who died after the 1979 amendment.

Even though *Orr* may have rendered the old year's support statute unconstitutional, our holding in *Adams v. Adams* establishes that those year's support awards entered prior to the corrective amendment of the statute are valid. The question now to be decided is the validity of an award entered after the amendment but from an estate of a decedent who died before the amendment. We hold that such an award is valid. The right of year's support is a substantive right which vests upon the death of the deceased. Since the right in this case was constitutionally vested under the original statute, there is no constitutional bar to its being pursued under the amended statute.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 5, 1985.

*T. Jack Morse, Isabel Gates Webster,* for appellant.
*Altman & McGraw, Harry J. Altman II,* for appellee.