## 73157. WOLTERS v. KENNEDY.
(355 SE2d 665)

BENHAM, Judge.

Appellant, a widower, applied to the probate court for a second year's support. OCGA § 53-5-4. The application was denied and an appeal taken to the superior court, where summary judgment was granted appellee, the executrix of the decedent's estate. Appellant brings this appeal from the grant of summary judgment to appellee.

At the time appellant filed the application at issue here, OCGA § 53-5-4 provided: "When an estate is to be kept together for more than 12 months and there are no debts to pay, the surviving spouse and minor children to be supported out of the estate shall have a year's support for each year that the estate may be kept together . . ." In support of her motion for summary judgment, appellee filed an affidavit in which she swore that at the time appellant's application was filed, the estate had unpaid obligations, including executrix fees, attorney fees, a year's support, a claim for funeral expenses, taxes, and estate administration costs. In an affidavit filed in opposition to appellee's motion, appellant averred that he had tendered payment of all "legitimate" debts of the estate. In its order granting summary judgment, the trial court found that at the time of appellant's application, the estate had outstanding obligations for probate court costs, legal advertisements, funeral expenses, and attorney fees for the probate of the will and representation of the estate with regard to appel-

lant's application for a year's support.

The obligations listed by the trial court are debts to be paid by the estate. See *Woodall v. First Nat. Bank*, 118 Ga. App. 440 (2) (164 SE2d 361) (1968). Appellant's tender of payment of the "legitimate" debts of the estate did not, due to his restrictive definition of the term "legitimate debts," cover all the estate's obligations. Therefore, the superior court was correct in denying appellant's application for a second year's support. *Crummey v. Crummey*, 58 Ga. App. 57 (2) (197 SE 501) (1938).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 9, 1987 —
REHEARING DENIED MARCH 26, 1987 — 

*Alton D. Kitchings*, for appellant.
*Robert E. Falligant, Jr.*, for appellee.