77640. BYRD et al. v. McKINNON.
(377 SE2d 686)

BANKE, Presiding Judge.

The appellants bring this appeal from the denial of their caveat to an application for a year's support which was filed by the appellee as the surviving spouse of the appellants' deceased mother. The appellee and the decedent had been married for 28 years prior to her death. The appellants are the decedent's three children from a prior marriage. Each was already over 18 years of age at the time of their mother's marriage to the appellee.

At issue in this appeal is whether the trial court erred in awarding to the appellee the decedent's one-half interest in the marital home which had been jointly purchased and owned by the couple as tenants in common. Had there been no year's support application, the appellee would still have been entitled to one-fourth of the decedent's one-half interest in this property pursuant to the laws of intestacy,

leaving the three appellants with a 3/8 undivided interest in the property. The value of the house was about $24,000. The only other property in the estate consisted of the decedent's interest in two automobiles and the furniture, household goods, and appliances owned by the couple.

The appellants acknowledge that, as surviving spouse, the appellee was entitled to a year's support as a matter of law. See OCGA § 53-5-1; *Gentry v. Black*, 256 Ga. 569 (351 SE2d 188) (1987). However, they complain that in determining the amount to be awarded the trial court erroneously failed to give proper consideration to their request that the appellee only be given a life estate in their 3/8 undivided interest in the house. They contend that the trial judge's failure in this regard is demonstrated by his expression of improper concern over such possibilities as whether the grant of a life estate would give rise to future disputes over who was responsible for maintenance expenses, taxes, and insurance premiums on the property and whether it would "tie-up" the property in such a manner as to prevent the appellee from using it as collateral in a financial crisis. *Held*:

"The amount to be set apart . . . shall be an amount sufficient to maintain the standard of living that the surviving spouse . . . had prior to the death of the testator or intestate, taking into consideration the following: (1) The support available to the person, for whom the property or money is to be set apart, from sources other than year's support, including but not limited to any separate estate and earning capacity of that person; and (2) *Such other relevant criteria as the court deems equitable and proper*." OCGA § 53-5-2 (c). (Emphasis supplied.)

The trial court found that the total value of the appellants' interest in the decedent's estate was at most about $10,000, and the appellants do not take issue with that finding. This means that, after deduction of the $1,600 minimum amount required by OCGA § 53-5-2 (b) to be set aside as a year's support, the total amount at issue in this case is about $8,400. It was shown that the appellee had various health problems; that his only source of income was from social security and worker's compensation disability payments, that he had no significant assets except for the property he had owned with his wife, that he and his wife had purchased the property in 1964 for four or five thousand dollars, and that he personally had made several major improvements to the house since that time. The judgment of the trial court in this case was amply supported by the evidence, and we find no indication whatever that the court abused its statutory discretion or considered any improper criteria in determining the amount to be set aside to the appellee as a year's support.

*Judgment affirmed. Birdsong and Beasley, JJ., concur.*

DECIDED JANUARY 3, 1989.

*Sell & Melton, Carl E. Lancaster, Jr., Edward S. Sell III, Kenneth B. Banks*, for appellants.
*Randall P. Harrison*, for appellee.