## A90A0416. BAKER v. BAKER.
(390 SE2d 892)

BIRDSONG, Judge.

Appellant widow, Virginia Akers Baker, appeals the judgment entered in her behalf of an award of $10,000 for a year's support from the estate, of the deceased, Harry C. Baker. Appellant enumerates three errors. *Held*:

1. Appellant asserts that the $10,000 award for a year's support was contrary to law and evidence, and is arbitrary and grossly insufficient. We disagree.

"[E]ntitlement to a year's support award is a matter of status. This is established by demonstrating the applicant belongs within one of the classes of intended beneficiaries of the year's support statute codified in OCGA § 53-5-2 (b). Among those named as eligible applicants is the spouse of the deceased. When one establishes that he or she is the spouse of the deceased, *eligibility* for year's support is also established. The amount of the award remains as a separate inquiry." (Emphasis supplied.) *Gentry v. Black*, 256 Ga. 569, 570 (351 SE2d 188). Effective July 1, 1986, and not affecting the resolution of issues in *Gentry*, "[t]he method of determining the amount of the year's support award [was] redefined in . . . OCGA § 53-5-2. . . ." *Gentry*, supra at 571, n. 1.

OCGA § 53-5-2 (b), as amended, reflects the express legislative intent that a sufficient award shall be made for "support and maintenance for the space of 12 months from the date of death of the testator or intestate, *to be determined using the criteria established in subsection (c)* of this Code section and keeping in view also the solvency of the estate," and further mandates a *minimum* statutory award of $1,600 provided the estate is of that value. (Emphasis supplied.)

Subsection (c) of OCGA § 53-5-2, as amended, establishes the following statutory *method* for determining the amount of the year's support: "The amount to be set apart under subsection (b) of this Code section shall be an amount sufficient to maintain the standard of living that the surviving spouse and each minor child had prior to the death of the testator or intestate, *taking into consideration the following*: . . . (1) The *support available to the person,* for whom the property or money is to be set apart, *from sources other than year's support, including* but not limited to *any separate estate and earning capacity of that person*; and . . . (2) Such *other relevant criteria* as the court deems equitable and proper." (Emphasis supplied.) "Under the 1986 amendments, dependency is clearly a factor in the amount of the award." Redfearn, Wills & Administration in Ga. (5th ed.), Year's Support, § 324, p. 4. Thus, "consideration of other resources of the applicant is a [relatively] new feature in determining the amount of year's support. . . ." Redfearn, supra at § 338, p. 80.

Examining the evidence of record in its totality, including but not limited to appellant's living expenses for 1987 and 1988, her gross income reported on her pertinent federal tax returns, her monthly Social Security benefit, and the rental income of a room in her house, we are satisfied that the trial court did not abuse its discretion in the manner in which it applied the statutory year's support determination methods of OCGA § 53-5-2 (b) & (c).

2. Appellant asserts that error of constitutional magnitude was created when the trial court merged her request for a second year's

support with her request for a first year's support without giving timely notice.

In its final order awarding $10,000 year's support to appellant, the trial court stated, "[t]his order is intended to grant the Applications for Year's Support filed on August 25, 1988 and on June 21, 1989." The original application was for first year's support and the second application was for second year's support.

In response to a request for clarification by appellee's counsel, the trial court provided the following explanation: "Before any hearing was held or order issued on [the original application for year's support], [appellant] filed another application for year's support . . . requesting the same real property and furnishings be set aside, deleting only an IRA account. . . . An application for a second year's support can only be made if there are no debts of the estate, [cit.] 'A year's support is the highest claim against an estate. . . . Based on these two rules of law and the fact that the later application requested that the same assets be set aside with the exception of the IRA account which had passed to the designated beneficiary, the court treated the later application as an amendment to the first year's support. Thus, my order . . . covered both year's support applications. . . . Because we are within 3 years of the date of death [January 20, 1988], (see OCGA § 53-5-2 (c)), [appellant] would not be precluded [from bringing] a second year's support."

Pretermitting the questions of whether the trial court erred in merging the two applications and by, in effect, denying the request for jury trial contained only in the subsequent application for second year's support, is the question whether appellant currently had a valid claim for second year's support. We find that she did not, and that the second request was invalid.

OCGA § 53-5-4, as amended, pertinently provides that "[w]hen an estate is to be kept together for more than 12 months *and there are no debts to pay*, the surviving spouse . . . shall, upon application and proceedings thereon . . . have a year's support for each year that the estate may be kept together." (Emphasis supplied.) But, "[w]here it is shown that there are *debts* against an estate which is being kept together for a time longer than twelve months, a widow *is not entitled to* have a second year's support set apart out of such estate of her deceased husband. . . ." (Emphasis supplied.) *Crummey v. Crummey*, 58 Ga. App. 57 (1) (197 SE 501); see Redfearn, supra at § 338, p. 80; 29 EGL, Year's Support, § 20; 40 Mercer Law Rev., Wills, Trusts & Administration of Estates, § 2. A., p. 475. In *Woodall v. First Nat. Bank &c.*, 118 Ga. App. 440, 441 (2) (164 SE2d 361), "the estate [had] outstanding obligations for *executor's fees*, attorney's fees for representing the estate, *funds borrowed* by the executor in the exercise of authority under the will, and interest thereon, to pay estate taxes,

*first year's support*, and other purposes, ad valorem taxes due . . . and income taxes due [both Georgia and the United States]." Noting that Code § 113-1004 [currently OCGA § 53-5-4] authorizes a second or subsequent year's support to the widow only if " 'there are no debts to pay,' " this court held that except for certain of the above obligations which are secured by real estate, "the remaining obligations are 'debts to pay' which bar the grant of a second's year support to the widow out of the estate." *Woodall*, supra at 441 (2); see also OCGA § 53-5-2 (a). The court also concluded that "the purpose of the General Assembly [was] to treat the costs of the administration as much a debt of the decedent as any other obligation." *Id. Potential* additional taxes also have been treated as estate debts for this purpose. *Baker v. C & S Nat. Bank*, 147 Ga. App. 188 (1) (248 SE2d 224). Moreover, the presence of such debts will support a grant of summary judgment against the applicant for second or subsequent year's support. Compare *Wolters v. Kennedy*, 182 Ga. App. 324 (355 SE2d 665); *Baker*, supra; *Woodall*, supra. Of course, the payment of debts cannot be prolonged in bad faith to avoid an award of additional year's support. Redfearn, supra at § 338, p. 81.

Examination of the record reflects that estate debts did exist within the meaning of OCGA § 53-5-4 which would bar appellant's claim for a second year's support. Thus, the trial court did not commit reversible error in merely merging both applications into an application for first year's support without so merging and granting the separate and distinct jury trial request, which had been asserted *only* in the request for second year's support. "[A] judgment right for any reason must be affirmed." *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673); *National Consultants v. Burt*, 186 Ga. App. 27, 33 (366 SE2d 344).

Moreover, an appellant is required to show harm as well as error to prevail on appeal. See *Jenkins v. Bd. of Zoning Appeals &c.*, 122 Ga. App. 412 (2) (177 SE2d 204). In the case sub judice, appellant's application for second year's support was not dismissed with prejudice, and, as observed by the trial judge, appellant is free to file another application at any time within three years of decedent's death and request a jury trial at that time. See generally OCGA §§ 53-5-2 (c); 53-5-4. Accordingly, we further find that appellant can readily avail herself of the full panoply of all rights to which she is entitled by the timely filing and establishment of a *valid* claim for second year's support.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 12, 1990.

*Gary C. Harris*, for appellant.

*John W. Spears, Jr.,* for appellee.