### A91A1093. BELL v. BELL.
(411 SE2d 47)

McMURRAY, Presiding Judge.

Following the death of her husband, Miller Bell, Sr., appellee Beatrice Bell filed an application for a year's support. She proposed to have set aside a certificate of deposit, a savings account, a bed, chest of drawers and refrigerator and a house (appraised for tax purposes at $26,640). Appellant Miller Bell, Jr., the decedent's son, filed a caveat contending that (1) the amount sought to be set aside for year's support was excessive and (2) it would be inequitable to award appellee a year's support because she treated the decedent cruelly.

The probate court set aside the furnishings and house for a year's support (after determining that no funds remained in the decedent's bank accounts). In large measure, the probate court was persuaded by the fact that appellee was 79 years old when her husband died; that the major source of her income was social security; and that she "entered upon her marriage [to the decedent] owning a home free and clear of liens and that it was sold [for $16,000] and the proceeds [were] used in the marriage." *Held*:

1. Appellant acknowledges that appellee is entitled to a year's support inasmuch as she was the spouse of the decedent. OCGA § 53-5-2 (b); *Gentry v. Black*, 256 Ga. 569, 570 (351 SE2d 188). He takes the position, however, that appellee is entitled to no more than the minimum statutory award ($1,600). In this regard, he asserts that anything above the minimum statutory award exceeds the "amount sufficient to maintain the standard of living that the surviving spouse . . . had prior to the death of the [decedent] . . . OCGA § 53-5-2 (c). We disagree.

"Examining the evidence of record in its totality, including but not limited to [appellee's] living expenses . . . her gross income . . . [and] her monthly Social Security benefit, . . . we are satisfied that the trial court did not abuse its discretion in the manner in which it applied the statutory year's support determination methods of OCGA § 53-5-2 (b) & (c)." *Baker v. Baker*, 194 Ga. App. 477, 478 (390 SE2d 892). See also *Johnson v. Johnson*, 199 Ga. App. 549, 550 (2) (405 SE2d 544). The mere fact that the trial court may have slightly miscalculated appellee's gross income or living expenses is of no consequence in light of the entire record.

2. The evidence of appellee's "cruel treatment" toward decedent was conflicting. Thus, even if such evidence can be used to diminish a

year's support award, but see *Hunnicutt v. Hunnicutt*, 180 Ga. App. 798 (1) (350 SE2d 770), it cannot be said that the trial court abused its discretion in setting aside the decedent's house and furnishings.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 17, 1991 — 

*Brennan, Harris & Rominger, Richard J. Harris*, for appellant.
*Hendrix & Sanders, John W. Hendrix*, for appellee.