## A93A0059. BAULDING v. TURNER.
### (430 SE2d 836)

McMURRAY, Presiding Judge.

Following the death of his wife, Doris Ramey Turner, appellee M. H. Turner filed an application for 12 months' support. The administrator of Mrs. Turner's estate filed a caveat. The case made its way to the Superior Court of Polk County and a jury awarded Turner the sum of $27,696.50. To satisfy the award, the jury set aside a one-half undivided interest in a house and two other parcels of real estate, a curio cabinet, a glass top table, mahogany chairs and bedroom furniture. Judgment was entered accordingly and the administrator moved for a new trial. The motion for a new trial was denied and the administrator appealed. *Held*:

The administrator asserts that the evidence was not sufficient to support the jury's award. We disagree.

"As the surviving spouse of the deceased, [Turner] was entitled as a matter of law to a year's support. OCGA § 53-5-2 (b); *Gentry v. Black*, 256 Ga. 569, 570 (351 SE2d 188) (1987); *Byrd v. McKinnon*, 189 Ga. App. 768, 769 (377 SE2d 686) (1989). The amount of the award is a separate question to be determined under the criteria of

OCGA § 53-5-2 (c), which provides that the amount should be 'sufficient to maintain the standard of living that the surviving spouse . . . had prior to the death of the (decedent),' considering support available from the applicant's separate estate, earning capacity, any other sources apart from a year's support, and '(s)uch other relevant criteria as the court deems equitable and proper.' *Baker v. Baker*, 194 Ga. App. 477, 478 (390 SE2d 892) (1990)." *Johnson v. Johnson*, 199 Ga. App. 549, 550 (2) (405 SE2d 544). See also *Bell v. Bell*, 201 Ga. App. 218 (411 SE2d 47).

In light of evidence concerning Turner's sources of income, debts, expenses and obligations (including needed household repairs), advanced age and health, and in light of stipulations reflecting the value of the property awarded by the jury, we conclude that the evidence was sufficient to support the year's support award. *Bell v. Bell*, 201 Ga. App. 218, supra; *Johnson v. Johnson*, 199 Ga. App. 549, supra. Accordingly, we find no error.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 9, 1993 —
RECONSIDERATION DENIED APRIL 29, 1993.

*Kenneth J. Jones*, for appellant.
*Daniel B. Simon III*, for appellee.