### A97A2119. RICHARDS v. WADSWORTH et al.
(496 SE2d 535)

BEASLEY, Judge.

William Frank Richards applied for a year's support (OCGA § 53-5-2) after the death of his wife, Jo Richards. Elaine Wadsworth and Anita Wall Wadsworth, beneficiaries under their mother Jo Richards' will, filed a caveat to Richards' application. At trial, the jury awarded Richards $40,000, but on motion the probate court entered a judgment notwithstanding the verdict and reduced the award to the

statutory minimum of $1,600. Richards enumerates this revision as error.

1. "The standard for granting a directed verdict or a judgment notwithstanding the verdict [is] the same. Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. OCGA § 9-11-50. . . . In reviewing [such], we must decide whether all the evidence demanded it, or whether there was some evidence supporting the verdict of the jury. A judgment notwithstanding the verdict is improperly granted in the face of conflicting evidence, and an appellate court must view the evidence in the light most favorable to the party who secured the jury verdict."[1]

2. Richards' wife died on February 16, 1995, which date governs the law applicable to the widower's right to year's support.[2] The year's support statute at the time was contained in OCGA § 53-5-2. Now, effective January 1, 1998 as provided in OCGA § 53-1-1, the year's support criteria are set out in OCGA § 53-3-7.[3]

The amount of year's support allowed to authorized applicants was provided by OCGA § 53-5-2 as "a sufficiency from the estate for their support and maintenance for the space of 12 months from the date of death of the testator or intestate, to be determined using the criteria established in subsection (c) of this Code section and keeping in view also the solvency of the estate. If there is a spouse, there shall also be set apart for the use of the spouse and the children a sufficient amount of household furniture." In subsection (c), the amount is defined as "an amount sufficient to maintain the standard of living that the surviving spouse and each minor child had prior to the death of the testator or intestate, taking into consideration [specified criteria]." The burden of proof is laid on the applicant.

Richards waited over one year from his wife's death to apply for year's support and thus was able to introduce evidence of his exact expenses for support and maintenance for that year. No one has suggested that Richards did not live that year in accordance with the standard of living he had known while Jo Richards was alive.

3. Richards contends the court's j.n.o.v. was based solely on a calculation of his needs for support and maintenance, less the money he had available from other sources, OCGA § 53-5-2 (c) (1), and that the

---

[1] (Citations omitted.) *Pendley v. Pendley*, 251 Ga. 30 (1) (302 SE2d 554) (1983) See also *Carden v. Burckhalter*, 214 Ga. App. 487, 488-489 (1) (b) (448 SE2d 251) (1994).

[2] *Lawrence v. Lawrence*, 254 Ga. 692, 693 (333 SE2d 610) (1985) ("The right of year's support is a substantive right which vests upon the death of the deceased.").

[3] For Tables of Comparable Provisions for the entirety of year's support statutory law, see the tables at the beginning of Title 53.

court ignored evidence related to subsection (c) (2) authorizing the jury's verdict.

"[E]ntitlement to a year's support award is a matter of status. . . . When one establishes that he or she is the spouse of the deceased, eligibility for year's support is also established. The amount of the award remains as a separate inquiry."[4] OCGA § 53-5-2 (c) provides that the determination of an amount sufficient for support and maintenance in accordance with the pre-death standard of living requires consideration of: "(1) The support available to the person, for whom the property or money is to be set apart, from sources other than year's support, including but not limited to the principal of any separate estate and the income and earning capacity of that person; and (2) Such other relevant criteria as the court deems equitable and proper."

With the addition of OCGA § 53-5-2 (c) (1) in 1986, the method of determining the amount of the year's support award was revised to take into account the applicant's other resources.[5] Stated otherwise, "[u]nder the 1986 amendments, dependency is clearly a factor in the amount of the award."[6]

In granting the j.n.o.v., the probate court took into account the uncontested facts that after the wife's death, Richards had other resources of $246,386 of previously joint-held properties, $19,644 in annual social security benefits, at least $12,000 income per year from a trust fund set up by his first wife, and over $56,000 in his own Merrill Lynch account. In addition, he had "the right to live in the deceased's residence for the rest of his life, with all related taxes, maintenance, insurance and repairs paid by a trust under the deceased's will, and [he] will receive such income from a trust under the deceased's will as is necessary for his support." The court concluded "[t]hese assets far exceed any evidence of the amount needed for a year's support taking into consideration the legal and equitable factors prescribed in the statute."

Construing the evidence in favor of Richards, it shows at most that the amount required to maintain and support Richards at the standard of living he had prior to Jo Richards' death was approximately $140,000. Their joint income in 1994, the last full calendar year before her death, was $140,623. Richards' own testimony was that it only cost him about $28,000 to live the year after his wife's

---

[4] *Gentry v. Black*, 256 Ga. 569, 570 (351 SE2d 188) (1987).

[5] See OCGA § 53-5-2 (b) and (c); *Baker v. Baker*, 194 Ga. App. 477, 478 (1) (390 SE2d 892) (1990). Compare *Byrd v. Byrd*, 223 Ga. 24, 28-29 (1) (153 SE2d 422) (1967) (factfinder not allowed to consider any of the applicant's other resources).

[6] Redfearn, Wills & Administration in Georgia (5th ed. 1988), § 324, p. 4. See also Cash, "Year's Support: Change Determination of Year's Support," 8 Ga. St. U. L. Rev. 216 (1992).

death. As to his declining medical condition, although evidence of current medical expenses is admissible,[7] Richards' documented medical expenses totaled only $227.27.

Even if Richards alone required the same income that the two lived on in 1994, his other resources greatly exceeded his actual expenses. When Richards' other resources are subtracted, the inescapable conclusion is that he is only entitled to the $1,600 minimum award, which is based on status and the concomitant conclusive presumption of dependence to that degree. All the evidence demanded the j.n.o.v.

4. Richards does not claim he had verifiable expenses which exceeded his other resources but rather that he introduced evidence of "subtle and intangible factors": he "gave up his home and his church because Mrs. Richards was unhappy in that church and then moved into Mrs. Richards' home in Duluth . . . [he] and Mrs. Richards were 'absolutely devoted to each other,' and Mrs. Richards[' statements] describing her married years with [him] in terms of 'never been or had more happier [sic] years in her life than when she was married to Frank.'" Richards contends this evidence supports the jury's $40,000 award under OCGA § 53-5-2 (c) (2) in the same way that such evidence is used in a tort case to determine the value of domestic services lost or in a wrongful death case to show the value of a person's life.

A claim for year's support is not analogous to a tort claim where general damages can be awarded based on the enlightened consciences of impartial jurors.[8] Nor is it a claim for loss of consortium where damages are not capable of exact pecuniary measure and are left to the enlightened conscience of impartial jurors.[9] Rather it is a statutory claim stemming from the historical purpose: "to prevent a family from being turned away houseless — a widow and children — and cast upon the world in their forlorn condition."[10] The intent is to protect the family survivors from a reduction in their standard of living while the estate is being settled, at least for one year. It is a "transitional allowance."[11]

The statute does not authorize a general damages award. Subsection (2) of OCGA § 53-5-2 (c), when construed together with the

---

[7] *Kittles v. Kittles*, 187 Ga. App. 537, 538 (1) (370 SE2d 803) (1988).

[8] See, e.g., OCGA § 51-12-6; *Callahan v. Panfel*, 195 Ga. App. 891, 893 (395 SE2d 80) (1990) (general damages are presumed to flow from a tortious act and may be awarded without proof of any specific amount).

[9] See, e.g., *Gurly v. Hinson*, 194 Ga. App. 673, 675 (9) (391 SE2d 483) (1990).

[10] (Emphasis omitted.) *Blassingame v. Rose*, 34 Ga. 418, 419 (1866).

[11] Note, "Determining Eligibility for Year's Support in Georgia: The Tension Between Status and Dependence Requirements," 22 Ga. L. Rev. 1167 (1988).

whole Code section,[12] only means that when determining the amount of "support and maintenance" required to maintain the applicant at his recent standard of living, the court may take into consideration any evidence *relevant* to that determination that the court deems equitable and proper.

Year's support is not intended to pay the surviving spouse for loss of the relationship or for personal sacrifices made during the marriage or for the changed societal status of the survivor in the community. These intangible factors identified by the applicant no doubt affected his quality of life and degree of happiness, but they were not germane criteria to measure his economic standard of living.[13] The court is not authorized to award an amount for year's support where there is no relevant evidence to substantiate it.

"The right of the widow [or widower] to a year's support in sociological approval and legal provisions stands high, and the courts are jealous of any attempt to encroach upon it, but in our zeal to protect it we must be careful lest we invade the rights of others equally as equitable and sacred."[14] The laws of intestacy are not to be superseded, beyond satisfaction of the statute's beneficent but limited aim, by a jury's determination of what the survivors deserve.

In its order, the probate court reasoned that to allow an award of year's support under the circumstances would amount to rewriting the decedent's will. In *Burch v. Harrell*,[15] the caveators of the year's support request argued "that the scheme of the testator will be defeated if the year's support be set apart to the widow." The appellate court disagreed: "Whenever a year's support is carved out of property disposed of by will, the intention of the testator is defeated pro tanto, . . . the right to a year's support overrides the testator's instructions."[16] Such a claim, however, must be legally based because it is deemed superior to otherwise legal entitlements. In this case, it is not the humane purpose of the year's support statute, i.e., financial support and maintenance at the same level, which would be served by the jury verdict; instead, the jury verdict reflects an ad hoc expansion to satisfy purposes not contemplated by the legislature.

---

[12] "In the construction of a statute the legislative intent must be determined from a consideration of it as a whole. . . . The construction of language and words used in one part of the statute must be in the light of the legislative intent as found in the statute as a whole. . . ." *Williams v. Bear's Den*, 214 Ga. 240, 242 (104 SE2d 230) (1958); *Board of Trustees &c. v. Christy*, 246 Ga. 553, 554-555 (272 SE2d 288) (1980).

[13] Case law cited by Richards is inapposite. *Bell v. Bell*, 201 Ga. App. 218 (411 SE2d 47) (1991), did not hold that cruelty by a spouse can be used to increase or decrease a year's support award. *Baulding v. Turner*, 208 Ga. App. 548 (430 SE2d 836) (1993), does not imply that some type of general damages is a part of the award.

[14] *Mashburn v. Mashburn*, 64 Ga. App. 388, 390 (13 SE2d 190) (1941).

[15] 57 Ga. App. 514, 516-517 (1) (196 SE 205) (1938).

[16] Id.

The probate court's grant of j.n.o.v. was correct.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 3, 1998 ▐▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

*Louis Levenson & Associates, Louis Levenson, Terence G. Kelly,* for appellant.

*Wall & Noonan, William A. Wall, Sheila K. Chrzan,* for appellees.