### A03A1088. ALLGOOD et al. v. ALLGOOD.
(587 SE2d 377)

MILLER, Judge.

When her husband died, Geneva Allgood received very little through his will, as the estate went primarily to his children. She did not contest the will, but did apply for year's support. The children opposed her application. At the jury trial in superior court, she admitted that in addition to receiving an income during the 12 months after his death, she had received (outside of probate) $126,000 in cash from her husband's assets as a result of his death,

and that she had had expenses and needs during the year after his death that amounted to much less than this figure. She conceded that as a result, she "didn't go lacking in anything. . . ." The children moved for a directed verdict, which was denied. The jury awarded her cash and property with a combined value of $158,000 for year's support, and the children moved for judgment notwithstanding the verdict, which was also denied. The children appeal. As no evidence supports the verdict, we must reverse.

Construed in favor of the verdict, the evidence shows that during his marriage to Geneva, Geneva's husband accumulated various assets, including a 47-acre tract of land adjacent to the Allgoods' home (which sat on its own 26-acre tract). After the home's well ran dry, the couple drilled a well on the neighboring 47-acre tract to supply the home's water. Upon the husband's death in March 1999, his will devised his $700,000 estate to his four adult children from a prior marriage, with only a car going to Geneva. However, Geneva received $126,000 in cash from her husband's assets outside of probate (through accounts naming her as the survivor beneficiary, etc.).

Geneva did not contest the will. Thus, evidence on such an issue is not before us. She did, however, file an application in probate court for year's support and requested that the court award her cash and the title to the 47-acre tract where the well to her home was located. The children objected to the application and filed a caveat. The probate court awarded the 47-acre tract (worth $140,000) and other assets to Geneva, and the matter was then appealed and presented de novo to a jury in superior court.

At the jury trial, Geneva refused to quantify the amount of money she needed for year's support, instead simply asking that all the assets of the estate be awarded to her as her just due. The only evidence of Geneva's needs and expenses during the year following her husband's death was as follows: (1) she incurred $28,000 in expenses during that year, which included trips to Maine, Tennessee, and Niagra Falls (she did not want to travel more than this); (2) she spent an additional $16,500 to buy a new car; (3) she testified that various portions of the house needed to be repaired, which if all completed would cost less than $6,000 (of which amount $1,263 was to repair certain linoleum); (4) she testified to a need to replace some furniture, which would cost $2,500; (5) she wanted to have some unspecified dental work done, but gave no dollar figure for this; and (6) she wanted to continue using the well on the 47-acre tract to provide water to her home. With regard to the well, she did not ask for an easement over the 47-acre tract but requested that the entire 47 acres be awarded to her in fee simple. Uncontradicted evidence showed that a well could be drilled on her 26-acre tract for $4,500.

Thus, the evidence of all actual and potential expenses was less than $60,000.

Geneva admitted that in the years prior to her husband's death, the combined household income was consistently under $60,000, and that during the year following her husband's death, she had received $22,019 in income and $126,000 in cash from her husband's assets outside of probate. She was able to meet her expenses without spending any of the $126,000. She had the money to make the needed home repairs, but chose not to. She received her water from the well on the 47-acre tract and did not pursue the possibility of drilling a well on her 26-acre tract. She conceded that during this year period, she "didn't go lacking in anything. . . ."

The children moved for a directed verdict, arguing that the $148,000 Geneva received during the year more than sufficed to support her in her accustomed standard of living, and that no evidence supported the awarding of any amount of year's support. The court denied the motion, and following the presentation of the children's evidence, denied the motion again when it was renewed. The jury awarded Geneva $1,500 to repair the linoleum, $16,500 to pay for the new car, fee simple title to the 47 acres, and certain personal belongings. The court entered judgment accordingly and denied the children's subsequent motion for j.n.o.v. The children appeal, enumerating the sufficiency of the evidence and other errors.

1. A directed verdict or j.n.o.v. is required where there is no conflict in the evidence as to any material issues and the evidence introduced (construed in favor of the nonmovant) demands a particular verdict. *Richards v. Wadsworth*, 230 Ga. App. 421, 422 (1) (496 SE2d 535) (1998). Thus, the standard of appellate review of a trial court's denial of a motion for a directed verdict or of a motion for j.n.o.v. is the any evidence test. *Professional Consulting Svcs. of Ga. v. Ibrahim*, 206 Ga. App. 663, 665 (1) (426 SE2d 376) (1992).

OCGA § 53-3-7 (c) sets forth the relevant criteria for the trier of fact to consider when an application for year's support is opposed:

If objection is made to the amount or nature of the property proposed to be set aside as year's support, the court shall set apart an amount sufficient to maintain the standard of living that the surviving spouse and each minor child had prior to the death of the decedent, taking into consideration the following: (1) The support available to the individual for whom the property is to be set apart from sources other than year's support, including but not limited to the principal of any separate estate and the income and earning capacity of that individual; (2) The solvency of the estate; and (3) Such

other relevant criteria as the court deems equitable and proper.

Significantly, "[t]he petitioner for year's support shall have the burden of proof in showing the amount necessary for year's support." Id. Here Geneva refused to put a dollar value on the amount needed for her year's support. The evidence, as construed in her favor, showed expenses of less than $60,000 for the 12 months following her husband's death to maintain her standard of living. Yet the undisputed evidence also showed that during that year, she received $126,000 in cash from her husband's assets outside of probate and received $22,019 in income, for a total of $148,019. She conceded that as a result, she lacked nothing during that year. If the surviving spouse's resources and income exceed the expenses shown for the year after the death, j.n.o.v. against the application for year's support is required. *Richards*, supra, 230 Ga. App. at 423-424 (3); see *Hunter v. Hunter*, 256 Ga. App. 898, 899-900 (569 SE2d 919) (2002); compare *Driskell v. Crisler*, 237 Ga. App. 408, 413-414 (515 SE2d 416) (1999) (destitute surviving spouse gave specific costs of amount needed for year's support; award upheld). Accordingly, the undisputed evidence demanded that in light of Geneva's resources, her application for year's support had to be denied and that a directed verdict had to be granted. This Court is compelled to hold that the trial court erred in denying the children's motion for a directed verdict and their subsequent motion for j.n.o.v.

2. The ruling in Division 1 moots the remaining enumerations of error.

*Judgment reversed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED SEPTEMBER 11, 2003 — 

*Blasingame, Burch & Garrard, Thomas H. Rogers, Jr., William W. West*, for appellants.
*Galen A. Mirate, Ellisa Garrett*, for appellee.