## A04A0755. COLE et al. v. WEBB.
(598 SE2d 886)

BLACKBURN, Presiding Judge.

Appellants, members of the family of Oliver Donald Cole (the Coles),[1] plaintiffs below, appeal the jury verdict and the setoff applied by the trial court from earlier settlements with other defendants in the underlying legal malpractice action. The Coles contend that Robert F. Webb (Webb) committed legal malpractice in the disbursement of proceeds and the advice given following the successful handling of a wrongful death action.

---

[1] The appellants include Oliver Donald Cole, through his guardian Barry D. Gaylor, Donna White, Barry D. Gaylor, individually, Ronald Ray Cole, and Danny Ray Gaylor.

The Coles contend that the trial court erred in (1) denying their motions for a directed verdict and j.n.o.v., as no employment contract existed between Oliver Donald Cole and Webb, and (2) granting Webb's motion to set off from the jury's verdict the amount of earlier recoveries from Webb's joint tortfeasors. We disagree and affirm.

Viewed in the light most favorable to the verdict, the record shows that Oliver Donald Cole was married to Betty Jo Cole, who had four children, Barry D. Gaylor, Donna White, Ronald Ray Cole, and Danny Ray Gaylor. Following the death of Betty Jo Cole (Decedent) from complications of surgery for a stomach ulcer, Oliver Donald Cole, as personal representative of his wife under OCGA § 51-4-2, hired the law firm of Allan R. Smith, P.C. to represent him in a wrongful death/medical malpractice action against his wife's doctors. In turn, Allan R. Smith, P.C. contracted with Webb, who had more experience in the field, to handle the ensuing litigation. The contract between Oliver Donald Cole and Allan R. Smith, P.C. provided for a contingency fee in the amount of 40 percent.

At the same time, Donna White, one of the Cole children, acting as administratrix of the Decedent's estate, hired the firm of Parks, Chesin, Robert & Miller (Parks) to represent the estate's interest in the medical malpractice litigation. White signed a contingency fee contract awarding Parks 40 percent of any recovery. Following a disagreement over legal representation, White, acting under a power of attorney from her father, Oliver Donald Cole, purportedly fired Allan R. Smith, P.C. Subsequently, however, Parks, Allan R. Smith, P.C., White, and Oliver Donald Cole agreed and consented to a dual representation of the parties whereby Webb represented Oliver Donald Cole in his capacity as personal representative for the wrongful death claim, and Parks represented the interests of the estate. This agreement to dual representation is uncontested by the parties.

The dual representation resulted in a $600,000 settlement in favor of Oliver Donald Cole, as personal representative, and White, as administratrix of the estate. By agreement, the proceeds were subsequently divided equally among the entities. The present appeal concerns only the $300,000 awarded to Oliver Donald Cole as personal representative.

After receiving the settlement check, Webb hand delivered it, less attorney fees and expenses, to Oliver Donald Cole at the privately-owned assisted living home where he was residing. Contrary to the statutory standard of distribution which required Oliver Donald Cole to share the proceeds of the recovery with his four children, Webb informed Oliver Donald Cole that the entirety of the money was his to do with as he pleased. Webb then assisted Oliver Donald Cole in giving all of the money he received to George and Elizabeth Shapley,

the couple in whose home he was currently living. Subsequently, the Shapleys lost the major portion of the money through day trading and gambling.

Oliver Donald Cole and his four children subsequently brought suit against Allan R. Smith, P.C. and Webb for legal malpractice and the Shapleys for conversion. Prior to trial, Allan R. Smith, P.C. and the Shapleys entered into settlements with Oliver Donald Cole in the amount of $94,124.99. By consent of the parties, the jury was not made aware of these settlements at the ensuing trial against Webb.

Following the trial against Webb, the jury awarded the Coles $129,047.95 and attorney fees in the amount of $16,270.63. The jury further found that Webb would not be required to forfeit any of his fees earned from his representation of Oliver Donald Cole. Following the jury's verdict, the trial court, on motion from Webb, set off from the jury's award against him portions of the earlier recoveries received from Allan R. Smith, P.C. and the Shapleys to prevent a double recovery. The Coles now appeal.

1. The Coles contend that the trial court erred in its denial of their motions for a directed verdict and j.n.o.v. based on their argument that Webb was not entitled to any attorney fees because no viable contingency contract existed between Oliver Donald Cole and Webb. Specifically, Oliver Donald Cole argues that: (a) the contingency contract was unequivocally revoked by White; and (b) even if the contract was not revoked, it was void by public policy. We cannot agree.

> A directed verdict or j.n.o.v. is required where there is no conflict in the evidence as to any material issues and the evidence introduced (construed in favor of the nonmovant) demands a particular verdict. *Richards v. Wadsworth.*[2] Thus, the standard of appellate review of a trial court's denial of a motion for a directed verdict or of a motion for j.n.o.v. is the any evidence test. *Professional Consulting Svcs. of Ga. v. Ibrahim.*[3]

*Allgood v. Allgood.*[4]

(a) Oliver Donald Cole contends that there was no viable representation agreement between him and Webb which would support the jury's verdict that Webb was not required to forfeit his attorney fees. Specifically, Oliver Donald Cole contends that White, acting

---

[2] *Richards v. Wadsworth,* 230 Ga. App. 421, 422 (1) (496 SE2d 535) (1998).
[3] *Professional Consulting Svcs. of Ga. v. Ibrahim,* 206 Ga. App. 663, 665 (1) (426 SE2d 376) (1992).
[4] *Allgood v. Allgood,* 263 Ga. App. 177, 179 (587 SE2d 377) (2003).

under a power of attorney from Oliver Donald Cole, unequivocally revoked any agreement regarding such representation previously entered into by her father. As discussed above, however, there is evidence of record which would support the jury's finding to the contrary. In fact, White testified that, although she initially attempted to terminate Webb's representation, she later was aware of and agreed to dual representation by both firms throughout the litigation. On this evidence alone, Oliver Donald Cole's present contention lacks merit under our standard of review.

(b) Oliver Donald Cole also argues that portions of the original contingency fee contract between Oliver Donald Cole and Allan R. Smith, P.C. were against public policy and violated the Canons of Ethics of the State Bar of Georgia, thereby making such contract unenforceable. This argument also lacks merit. "Even if we were to assume that the clauses [the Coles find] objectionable were violative of public policy, under the doctrine of severability the invalid provisions do not render other provisions of the contract void." (Punctuation omitted.) *Rasmussen v. Nodvin.*[5]

2. The Coles contend that, following the jury's verdict, the trial court erred in granting Webb's motion to set off the Coles' recovery against him by certain portions of the consent judgments entered into by Allan R. Smith, P.C. and the Shapleys prior to Webb's trial. Again, we disagree.

> An injured party can have but one satisfaction for his injuries. To [prevent such double recovery], two options were available. One option was to disclose to the jury the *amount* of the [prior] settlement[s] and then to instruct the jury to deduct that *amount* from its own assessment of the full satisfaction to which [the Coles were] entitled. The amount paid under a settlement agreement with one joint tortfeasor can be pleaded and proven by another who is jointly liable for the purpose of obtaining credit in assessing full compensation. Under this option, full satisfaction would be represented by the amount of the settlement *plus* the jury's award. The other option was *not* to disclose to the jury the existence of *any* settlement agreement whatsoever and to instruct the jury to return a verdict awarding [the Coles] the full satisfaction for [their] injuries. Under this option, full satisfaction would be represented by the *undiminished* jury's award. The trial

---

[5] *Rasmussen v. Nodvin*, 174 Ga. App. 203, 205 (3) (329 SE2d 541) (1985).

court would then, of course, set off the amount of the settlement from the jury's award.

(Citations and punctuation omitted; emphasis in original.) *Carney v. JDN Constr. Co.*[6]

In this case, the parties chose not to inform the jury of the prior settlements, and, as such, the trial court did not err by setting off the jury's award by the Coles' prior recoveries. *Carney*, supra.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED APRIL 22, 2004 — 

*Millard C. Farmer, Jr.*, for appellants.

*Goodman, McGuffey, Lindsey & Johnson, Edward H. Lindsey, Jr.*, for appellee.

---

[6] *Carney v. JDN Constr. Co.*, 206 Ga. App. 785, 787 (2) (426 SE2d 611) (1992).